# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN WALKER,<br><br>        Petitioner,<br><br>   v.<br><br>C.M. HARRISON, WARDEN,<br><br>        Respondent.<br>_____/ | CV F   05-00934 OWW SMS HC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS FOR FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM<br><br>[Doc. 1] |

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

     Petitioner filed the instant petition for writ of habeas corpus on July 21, 2005.  Petitioner raises fifteen claims for relief.  A review of the petition indicates that two of the claims are not cognizable pursuant to § 2254.

A.    <u>Procedural Grounds for Summary Dismissal</u>

     Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be

1

pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.      Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In the instant case, Petitioner fails to state a cognizable federal claim with respect to Grounds Seven and Eleven. In Ground Seven, Petitioner complains of certain police officer misconduct. In Ground Eleven, Petitioner complains that evidence was improperly excluded in violation of the California Evidence Code. Because these claims fail to state a cognizable federal claim for relief, they must be dismissed.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      Grounds Seven and Eleven be dismissed for failure to state a cognizable federal claim.

These Findings and Recommendations are submitted to the assigned United States

1  District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-
2  304 of the Local Rules of Practice for the United States District Court, Eastern District of
3  California.  Within thirty (30) days after being served with a copy, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections
6  shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after
7  service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to
8  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the
9  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
10 F.2d 1153 (9th Cir. 1991).

15           IT IS SO ORDERED.

16 **Dated:   September 6, 2005**            /s/ Sandra M. Snyder
   icido3                                    UNITED STATES MAGISTRATE JUDGE

3