# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN WALKER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>C.M. HARRISON, WARDEN,<br><br>　　　　Respondent.<br>_____/ | CV F  05-00934 OWW SMS HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 13] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, following his conviction by jury trial on November 30, 2000, of murder in violation of California Penal Code[1] § 187 and robbery in violation of Penal Code § 211, with an arming enhancement attached to each offense. Petitioner was sentenced to five years imprisonment plus an indeterminate term of twenty-five years to life. (Lodged Doc. 1.)

Petitioner filed an appeal to the California Court of Appeal for the Fifth Appellate District. On January 8, 2003, the Court of Appeal affirmed the judgment. (Lodged Doc. 1.)

On February 11, 2003, Petitioner filed a petition for review in the California Supreme

---

[1] All further references are to the California Penal Code unless otherwise indicated.

1

1    Court.  (Lodged Doc. 2.)  The California Supreme Court denied review on March 19, 2003.
2    (Lodged Doc. 3.)
3         Petitioner filed three post-conviction collateral challenges with respect to the pertinent
4    judgment or claim, two petitions for writs of habeas corpus and one petition for writ of error
5    coram vobis.  The first petition was filed with the Fifth District Court of Appeal on August 28,
6    2001.  The petition was denied on November 8, 2001.  (Lodged Docs. 4-5.)  The second petition
7    was filed in the Fifth District Court of Appeal on March 1, 2002, and denied on March 7, 2002.
8    (Lodged Docs. 6-7.)  The third petition was filed in the California Supreme Court on August 3,
9    2004, and was denied on June 22, 2005.  (Lodged Docs. 8-9.)
10        Petitioner filed the instant petition for writ of habeas corpus on July 21, 2005.  Pursuant
11   to this Court's order of November 4, 2005, Respondent filed a motion to dismiss the instant
12   petition as time-barred under 28 U.S.C. § 2244(d)(1) and (2).  Petitioner did not file an
13   opposition.

DISCUSSION

A.     Procedural Grounds for Motion to Dismiss

    Respondent has filed a motion to dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1).  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.

    The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.

Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.    Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on May 29, 2003, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted on November 30, 2000. The California Supreme Court affirmed Petitioner's conviction on March 19, 2003. The time to seek direct review concluded upon the expiration of the 90-day period following denial of review in which Petitioner had to file a petition for writ of certiorari with the United States Supreme Court, i.e. June 17, 2003.[2] Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 199) (concluding period of "direct review" includes the period within which one can file a petition for a writ of certiorari in the United States Supreme Court). Petitioner had one year until June 17, 2004, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. Petitioner did not file his federal petition until July 21, 2005, over one year after the limitations period had expired.

C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 122 S.Ct. 2134, 2135-36 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); Welch v. Newland, 267 F.3d 1013, 1016 (9th Cir.2001) ("tolled period includes intervals between the disposition of a state court petition and the filing of a subsequent petition at the next state appellate level"); Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir.2001) (stating that the "AEDPA's one-year grace period is tolled during the pendency of properly filed state petitions challenging the judgment or claim at issue."); cf. Dils v. Small, 260 F.3d 984, 986 (9th Cir.2001)

---

[2] See Sup.Ct.R. 13(1)

4

(Court found no tolling between consecutive filings at the same level); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1061 (C.D. Cal.2001) (holding that the interval between a motion for sentence modification in the state superior court and a habeas petition in the superior court was not tolled pursuant to 28 U.S.C. § 2244(d)(2)).

In Evans v. Chavis, __ U.S. __, 126 S.Ct. 846 (2006), the Supreme Court held that the Ninth Circuit Court of Appeals unreasonably applied its decision in Carey v. Saffold, 536 U.S. 214, 122 S.Ct. 2134 (2002) by finding that a denial of the merits issued by the California Supreme Court necessarily determinated that the petition was "timely" filed under California law. In Evans, the petitioner filed a state habeas petition to the trial court and California Court of Appeals, and then, three years later filed a petition with the California Supreme Court. The California Supreme Court issued a summary denial of the petition. In reversing the Ninth Circuit Court of Appeals, the Supreme Court stated that "[i]n the absence of (1) clear direction or explanation from the California Supreme Court about the meaning of the term 'reasonable time' in the present context, or (2) clear indication that a particular request for appellate review was timely or untimely, the Circuit must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness. That is to say, without using a merits determination as an 'absolute bellwether' (as to timeliness), the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'" Evans, at 852.

Under California law, as recognized in Evans and cited by Respondent, a habeas corpus petition "must be filed within a reasonable time after the petitioner or counsel knew, or with due diligence should have known, the facts underlying the claim as well as the legal basis of the claim." In re Harris, 5 Cal.4th 813; 855 P.2d 391, 398 n.7 (1993).

Although the instant motion to dismiss was filed prior to the Supreme Court's decision in Evans v. Chavis, Respondent nonetheless anticipated its ruling and argues that due to the four and twenty-nine month gaps between the state habeas corpus filings, Petitioner is not entitled to interval tolling. The Court finds Respondent's argument persuasive.

5

In the instant case, the first two collateral state habeas corpus petitions were filed prior to the time the statute of limitations even started to run because the judgment did not become final until June 17, 2003. The third petition was not filed in the California Supreme Court until August 3, 2004, which was summarily denied on June 22, 2005.[3] In light of Evans, in order for Petitioner to be entitled to the continuous pending rationale outlined in Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), Petitioner must demonstrate that the delay between filings was "reasonable" under California law. In Evans, the Supreme Court explicitly stated that an *unexplained* period of year long gaps between filings could not permit the notion that habeas proceedings were "pending" during that entire period. Evans, at 854.

Here, as previously stated, the first state habeas corpus petition was filed on August 28, 2001, in the California Court of Appeal, Fifth Appellate District, which was denied on November 8, 2001. (Lodged Docs. 4-5.) The second petition was filed in the Fifth District Court of Appeal on March 1, 2002, and was denied on March 7, 2002. (Lodged Docs. 6-7.) The third petition was not filed in the California Supreme Court until August 3, 2004, and denied on June 22, 2005.

Thus, approximately four months lapsed between the denial of the first petition to filing the second petition on March 1, 2002. Then, nearly twenty-nine months lapsed from the time the Court of Appeal denied the second petition to the time Petitioner filed the third petition in the California Supreme Court on August 3, 2004. Petitioner provides no explanation for the delay in filing the second and, more importantly, the third petition to the California Supreme Court.[4] The third petition was not filed until almost two months after the statute of limitations expired. In Evans, the unexplained or unjustified delay consisted of only six months.[5] There, the Supreme Court considered that the period was longer than the thirty to sixty days that most states provide

---

[3] The California Supreme Court's decision merely stated "Petition for writ of habeas corpus is DENIED." (Lodged Doc. 9.)

[4] In fact, Petitioner did not oppose the instant motion.

[5] Although the Petitioner in Evans did not actually file his state petition for review in the California Supreme Court until approximately three years and one month after the California Court of Appeal released its decision, the Supreme Court viewed all the disputed issues most favorably to Petitioner and there remained an unexplained period of six months. Id. at 854.

for filing an appeal, and it was much longer than the ten-day period that California allows a losing party to file a notice of appeal to the California Supreme Court. Evans, at 854. The Supreme Court concluded that "an unexplained delay of this magnitude could [not] fall within the scope of the federal statutory word 'pending' as interpreted in *Saffold*." Id. Here, the unexplained delays of nearly four and twenty-nine month gaps, is too unreasonable, and Petitioner is therefore not entitled to interval tolling. As such, the statute of limitations expired on June 17, 2004.

D.      Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 188 S.Ct. 60 (1997); (Beeler), 128 F.3d at 1288 (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

In this case, Petitioner did not oppose the motion and thus, raises no assertion of entitlement to equitable tolling. Accordingly, as the instant federal petition was filed after the statute of limitations expired, it must be dismissed.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      Respondent's motion to dismiss the petition as time-barred be GRANTED; and

2.      The action be dismissed, with prejudice; thus, terminating this action.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

1   California.  Within thirty (30) days after being served with a copy, any party may file written
2   objections with the court and serve a copy on all parties.  Such a document should be captioned
3   "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections
4   shall be served and filed within ten (10) court days (plus three days if served by mail) after
5   service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to
6   28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the
7   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
8   F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 27, 2006**          /s/ Sandra M. Snyder
icido3                         UNITED STATES MAGISTRATE JUDGE