# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN WALKER, | CV F   05-00934 OWW SMS HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY |
| v. | [Doc. 18] |
| C.M. HARRISON, WARDEN, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On December 30, 2005, Respondent filed a motion to dismiss the instant petition as time-barred. Petitioner did not file an opposition to Respondent's motion. On February 28, 2006, the undersigned issued Findings and Recommendations recommending that Respondent's motion to dismiss the instant petition as time-barred be granted.

On May 1, 2006, Petitioner filed a motion for discovery. (Court Doc. 18.) Petitioner requests the mail log from March 2002 to August 3, 2004. Petitioner indicates that the California Supreme Court date stamped his petition fore review on July 7, 2004, and Petitioner believes that he filed another petition in June 2003. Petitioner states that he was having "black outs" during this time period. Petitioner further requests memorandums regarding the law library access from December 2002 to April 2004, various other documents related to the law library access, and all medical records from January 1, 2003 to June 3, 2004.

1

1    Unlike other civil litigation, a habeas corpus petitioner is not entitled to broad discovery.
2  Bracy v. Gramley, 520 U.S. 899, 117 S.Ct. 1793, 1796-97 (1997); Harris v. Nelson, 394 U.S.
3  286, 295, 89 S.Ct. 1082, 1088-89 (1969).  Although discovery is available pursuant to Rule 6, it
4  is only granted at the court's discretion, and upon a showing of good cause.  Bracy, 117 S.Ct.
5  1793, 1797; McDaniel v. United States Dist. Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997);
6  Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section
7  2254.  The Advisory Committee Notes to Rule 6 of the Rules Governing Section 2254 Cases
8  emphasize that Rule 6 was not intended to extend to habeas corpus petitioners, as a matter of
9  right, the Federal Rules of Civil Procedure's broad discovery provisions.  Rule 6, Advisory
10 Committee Notes (quoting Harris, 394 U.S. at 295, 89 S.Ct. at 1089).

11   The instant discovery request must be denied as Petitioner has failed to demonstrate good
12 cause.  As stated in the Findings and Recommendations, the second petition filed in the Fifth
13 District Court of Appeals was denied on March 7, 2002, and Petitioner waited twenty-nine
14 months, until August 3, 2004, to file his third petition to the California Supreme Court.  The fact
15 that Petitioner may have filed something in the California Supreme Court in June, 2003, does not
16 save the instant petition from dismissal.  Even assuming that were true, there still remains an
17 unexplained delay of 15 months before Petitioner filed his third petition to the California
18 Supreme Court, of which Petitioner is not entitled to interval tolling.[1]

19   To the extent Petitioner requests medical documents that are in his central file, he may
20 request those documents himself.  Petitioner's other requests for various documents relating to
21 the law library access are vague and conclusory, as to the relevant time frame and content.
22 Therefore, Petitioner has failed to demonstrate good cause warranting a discovery order in this
23 case.  Accordingly, Petitioner's request is denied.

24   In the interest of justice, the Court will grant Petitioner thirty (30) days within which to
25 file objections to the Findings and Recommendations.  After the thirty day time frame expires,

---

[1] As stated in the Findings and Recommendations, in Evans v. Chavis, __ U.S. __, 126 S.Ct. 846, 854 (2006), the Supreme Court found an unexplained delay of six months to be presumptively unreasonable under California law. The Supreme Court stated, "Six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. Id., quoting Saffold, 536 U.S. at 219.

the Court will proceed to submit the Findings and Recommendations to the District Judge for resolution.

IT IS SO ORDERED.

**Dated:**    **June 8, 2006**                      **/s/ Sandra M. Snyder**
icido3                                                UNITED STATES MAGISTRATE JUDGE