# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN WALKER,<br><br>　　　　Petitioner,<br><br>　v.<br><br>C.M. HARRISON, WARDEN,<br><br>　　　　Respondent.<br>_____/ | CV F   05-00934 OWW SMS HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>[Docs. 15, 20] |

　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　On February 28, 2006, the Magistrate Judge issued Findings and Recommendation that the Motion to Dismiss be GRANTED.  This Findings and Recommendations was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

　　　On July 5, 2006, Petitioner filed timely objections to the Findings and Recommendations.

　　　In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis.

　　　Although Petitioner did not file an opposition to Respondent's motion to dismiss, Petitioner now after the Court issued Findings and Recommendations, raises several reasons for

1

his untimely filing in his objections.  In his objections, Petitioner argues that his mental condition caused him to be untimely, he was on lock-down status during the period of time within which to file the instant petition, and that further discovery is warranted as he may have filed petition in the California Supreme Court in June, 2003. (Objections, at 4, 6, 7.)  First, Petitioner's claim that his mental condition caused him to be untimely is simply unfounded and conclusory. Petitioner claims that he has a disease which affects the psychological factors of his thinking. Petitioner submits some medical reports; however, the reports are mainly dated in 2006, and one in October, 2005.  Petitioner filed the instant action on July 21, 2005, thus, the Court fails to see how Petitioner's medical condition subsequent to the date of filing the instant petition, could have rendered the instant petition untimely.  Petitioner's claim is simply flawed.  Moreover, Petitioner has failed to demonstrate a but-for connection between any alleged mental condition and the untimely filings.  See Allen v. Lewis, 255 F.3d 798, 801 (9th Cir. 2001); Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).

With regard to Petitioner's claim that he dated the petition submitted to the California Supreme in June, 2003, it is without merit.  As stated in the Court's June 8, 2006, order denying Petitioner's motion for discovery, the fact that Petitioner believes he *may* have filed a petition to the California Supreme Court in June, 2003, does not save the instant petition from dismissal. Even assuming this were true, there still remains an explained delay of 15 months before Petitioner filed his third petition to the California Supreme Court, of which Petitioner is not entitled to interval tolling under Evans v. Chavis, __ U.S. __, 126 S.Ct. 846, 854 (2006) (the Supreme Court found an unexplained delay of six months to be presumptively unreasonable under California law.  The Supreme Court stated, "Six months is far longer than the 'short period[s] of time,' 30 to 60 days that most States provide for filing an appeal to the state supreme court.)  (Court Doc. 19, at 2 n. 1.)

Petitioner's claim that he was on lock-down status during the relevant time period of filing the instant petition, is conclusory and vague devoid of factual support.  Thus, Petitioner does not explain the unjustified delay in filing the state court petitions.  Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations issued February 28, 2006, is ADOPTED IN FULL;
2. Respondent's Motion to Dismiss is GRANTED;
3. The instant petition is DISMISSED with PREJUDICE, as untimely; and
4. The Clerk of the Court is DIRECTED to close this action.  This terminates this action in its entirety.

Dated: October 6, 2006                         /s/ OLIVER W. WANGER

                                                                         United States District Judge