# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN WALKER, | 1:05-cv-00934 OWW SMS HC |
|            Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |
|    v. | [Doc. 30] |
| C.M. HARRISON, WARDEN, | |
|            Respondent. | |

On October 12, 2006, the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 was dismissed with prejudice as untimely and judgment was entered in favor of Respondent.

Petitioner filed an appeal to the United States Court of Appeals for the Ninth Circuit. On April 20, 2007, the Ninth Circuit denied a certificate of appealability and the appeal was dismissed.

Now pending before the Court is Petitioner's motion for reconsideration filed on July 9, 2010. The Court construes Petitioner's motion as brought under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding

1  was entered or taken." Id.

2  Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986), quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

12  As an initial matter, judgment was entered in this case on October 12, 2006 and Petitioner filed a notice of appeal on October 26, 2006. Unless a Rule 60(b) motion is filed within ten days from the entry of judgment, the pendency of a notice of appeal from judgment divests the court of jurisdiction to entertain the motion. Crateo, Inc. v. Intermark, Inc., 536 F.2d 862, 869 (9th Cir. 1976). Plaintiff filed the instant request several years after the Court entered judgment and after the Ninth Circuit denied the appeal. This court no longer has the jurisdiction to entertain a motion for reconsideration. Accordingly, Petitioner's request for leave to file a motion for reconsideration, filed July 9, 2010, must be denied.

20  In any event, Petitioner does not demonstrate relief under Rule 60(b) as he merely re-argues and disagrees with the Court's findings that the instant petition was untimely under 28 U.S.C. § 2244(d). In sum, Petitioner has not made the requisite showing for relief under Federal Rule of Civil Procedure 60(b), and no relief is warranted.

24  Based on the foregoing, it is HEREBY ORDERED that Petitioner's motion for reconsideration is DENIED with prejudice.IT IS SO ORDERED.

Dated:  July 13, 2010              /s/ Oliver W. Wanger
                                   UNITED STATES DISTRICT JUDGE